LEWIS, J.,
concurring.
I fully concur with granting the petition for writ of prohibition and write only to note that this case is controlled by our decision in Port Everglades Pilots Association v. Florida-Caribbean Cruise Association, 170 So.3d 952 (Fla. 1st DCA 2015). There, FCCA filed an application for a reduction in pilotage rates charged to passenger vessels calling on Port Everglades. Id. at 954. Pursuant to section 120.665, Florida Statutes, Port Everglades Pilots Association (“PEPA”) filed a motion to disqualify Commissioners Burke and Mi-guez from serving on the Committee in the proceedings on FCCA’s application because they were senior executives of two of the largest member cruise lines of FCCA. Id. The Committee and Commissioners Burke and Miguez entered written orders denying the motion for disqualification. Id. at 955. In ruling on PEPA’s petition for writ of prohibition seeking review of the Commissioners’ orders, we explained that the basis for the motion to disqualify was the Commissioners’ employment by the FCCA’s member cruise lines who were the defacto parties to the proceeding and held that the motion was legally sufficient and should have been granted because “a reasonably prudent person would fear that he or she would not obtain a fair and impartial proceeding before Committee members who are senior executives of the de facto parties that initiated the proceeding and whose rate change application is awaiting the Commissioners’ decision.” Id. at 956-57. The same is true in the case now before us, requiring the granting of BBP's petition.